UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANDRES PEREZ, on behalf of
himself and others similarly situated,

                                                                                         **COMPLAINT**

                      Plaintiff,

             -against-                                                     **FLSA COLLECTIVE**

FUNICI WELDING CO.
and KUJTIM FUNICI, individually,

                      Defendants.
------------------------------------------------------------------------X

       Plaintiff Andres Perez ("Plaintiff" or "Perez"), individually and on behalf of others similarly situated, by and through his attorneys, The Law Offices of Jacob Aronauer, complaining of Funici Welding Co. ("Funici Welding") and Kujtim Funici ("Kujtim"), individually (collectively "Defendants"), alleges the following:

**PRELIMINARY STATEMENT**

1. This is a civil action brought by Plaintiff, on behalf of himself and all similarly situated employees, to recover compensation for unpaid overtime under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

2. Plaintiff brings this action on behalf of himself and all similarly situated current and former truck drivers and laborers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq*., and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA that occurred at Defendants' business.

3. Plaintiff and the FLSA collective also bring this action under the Wage Theft Prevention Act for the Defendants' failure to provide written notice of wage rates in violation of said laws.

4. The FLSA collective seeks injunctive and declaratory relief against Defendants for their unlawful actions, compensation for their failure to pay overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

6. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff Andres Perez**

8. Plaintiff is and was at all times relevant hereto an adult individual residing in Bronx, New York.

9. From approximately 2012 to April 2020, Plaintiff worked as a truck driver and laborer at Funici Welding.

10. Plaintiff is a covered employee within the meaning of the FLSA and NYLL.

**Defendant Funici Welding Co.**

11. Defendant Funici Welding is a business incorporated in the State of New York, with its principal place of business located at 4340 Park Avenue, Bronx, New York 10457.

12. At all times relevant to this action, Funici Welding was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

13. On information and belief, Kujtim Funici owns and maintains control, oversight and direction of Funici Welding.

14. On information and belief, Funici Welding has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

**Defendant Kujtim Funici**

15. Defendant Kujtim Funici exercises sufficient control over Funici Welding to be considered Plaintiff's employer under the FLSA and NYLL.

16. Defendant Kujtim is a person engaged in business in Bronx County, who is sued individually in his capacity as an owner, officer and/or agent of Funici Welding.

17. Defendant Kujtim exercises sufficient control over Funici Welding to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees, set employee schedules and conditions of employment, determine rates and methods of payment to employees, and maintain employment records.

18. Defendant Kujtim employed Plaintiff and similarly situated employees at all times relevant.

19. Defendant Kujtim had substantial and operational control over Plaintiff's working conditions and the practices alleged herein.

## COLLECTIVE ACTION ALLEGATIONS

20. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of other similarly situated employees who are current and former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

21. Presently, the FLSA Collective consists of approximately 15 similarly situated current and former employees of Defendants who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA, *inter alia*, willfully denying them overtime wages.

22. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This pattern and/or policy includes, *inter alia*, the following:

    i. failing to pay employees the applicable overtime rate for all time worked in excess of 40 hours per week;

    ii. failing to keep accurate records of hours worked by employees as required by the FLSA.

23. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants'

unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

24. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present action. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

25. The FLSA and NYLL require that employers pay all employees at least one and one-half times the employee's wage for all hours worked in excess of 40 hours during any workweek, unless they are exempt from coverage.

26. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employees' wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

## STATEMENT OF FACTS

**Defendants' Employment Practices**

27. Funici Welding is a construction and welding company.

28. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff (and all similarly situated employees) to work in excess of 40 hours a week without paying appropriate overtime compensation as required by federal and state laws.

29. Plaintiff was a victim of Defendants' common policy and practices, which violated his rights under the FLSA and NYLL by, *inter alia*, not paying him overtime in compliance with the FLSA and the NYLL.

**Plaintiff Perez's Employment at Funici Welding**

30. From on or about 2012 to April 23, 2020, Plaintiff worked on behalf of Defendants with a brief interruption due to an injury at work.

31. Plaintiff worked on behalf of Defendants as a truck driver and laborer.

32. Plaintiff was assigned projects throughout New York City and Westchester.

33. Throughout his employment with Defendants, Plaintiff regularly worked more than 40 hours each week.

34. Throughout his employment with Defendants, Plaintiff was not compensated for overtime in compliance with the FLSA and the NYLL.

**Plaintiff Perez's Work Schedule and Salary at Funici Welding**

35. From in or about 2012 to on or about April 23, 2020, in the non-winter months Plaintiff was usually scheduled to work six days a week.

36. In the non-winter onths Plaintiff did not work on Sundays.

37. From in or about 2012 to on or about April 23, 2020, Plaintiff was scheduled to work Monday through Friday from 7:00 a.m. to 6:00 p.m.

38. During the non-winter months Plaintiff also worked on Saturdays from 7:00 am to 2:00 p.m.

39. Throughout his employment, Plaintiff was required to return the truck to Funici Welding's parking lot once the projects were completed.

40. It would take Plaintiff an additional two hours to return the truck.

41. Plaintiff was not paid for those two additional hours.

42. In addition, occasionally, Plaintiff was required to stay additional hours to complete a project.

43. Plaintiff was not compensated for those additional hours to complete a project.

44. Throughout his employment, Plaintiff received a 30-minute lunch break each shift.

45. Throughout Plaintiff's employment with Defendants, Plaintiff was not required to clock-in or clock-out.

46. Throughout Plaintiff's employment, Plaintiff's salary was only inclusive of the first 40 hours that he worked.

47. Plaintiff was paid a combination of check and cash throughout his employment with Defendants.

48. Defendants paid Plaintiff in that manner to circumvent their obligations under the FLSA and the NYLL.

49. Plaintiff was never provided with a notation of the hours he worked.

50. Defendants never paid Plaintiff overtime in compliance with the FLSA and the NYLL.

**Defendants' Violations of the Wage Theft Prevention Act**

51. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

52. Throughout the relevant time period, Defendants paid Plaintiff without an accurate accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages,

deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

53. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer and required by NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

54. Upon information and belief, Defendants never gave wage notices to nor were wage notices signed by any other employee of Defendants.

55. The decision not to provide Plaintiff with accurate statements of what he would earn and what he earned in the course of his employment was a conscious decision made by Defendant Kujtim.

**FIRST CAUSE OF ACTION**
**FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.***
**(On Behalf of Plaintiff and the FLSA Collective)**

56. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

57. Throughout the relevant time period, Plaintiff and the FLSA Collective regularly worked in excess of 40 hours per workweek.

58. At all relevant times throughout Plaintiff's employment, Defendants have operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA

Collective one and one-half times the regular hourly rate of pay for all work in excess of 40 hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff and the FLSA Collective were entitled to receive overtime payments.

59. At all times relevant throughout Plaintiff's employment, Defendants willfully, regularly, and repeatedly failed to pay the required rate of one and one-half times his regular hourly rate for all hours worked in excess of 40 hours per workweek.

60. Defendants' decision not to pay overtime was willful.

61. Plaintiff and the FLSA Collective seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal equitable relief as this court deems just and proper.

## SECOND CAUSE OF ACTION
## Unpaid Overtime Wages Under New York Labor Law
## (On Behalf of Plaintiff)

62. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL § 652 and 12 NYCRR § 142-2.2.

64. Defendants failed to pay Plaintiff the overtime premium of one and a half times the regular hourly rate of pay for all of his overtime hours worked, in violation of the NYLL.

65. Defendants' failure to pay required overtime was willful.

66. As a result of Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants' unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NYLL.

### THRID CAUSE OF ACTION
### New York Labor Law – Failure to Provide Wage Statements
### (On Behalf of Plaintiff)

67. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

68. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

69. Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

70. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of

five thousand dollars, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## FOURTH CAUSE OF ACTION
### Failure to Provide Annual Wage Notices in Violation of New York Labor Law
### (On Behalf of Plaintiff)

71. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

72. Defendants willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate, including but not limited to overtime rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191.

73. Through their knowing or intentional failure to provide Plaintiff the wage notices required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

74. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against the Defendants, Funici Welding Co. and Kujtim Funici, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for the unpaid overtime wages due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the costs of the action;

(c) Damages for the unpaid overtime wages and notice damages due to Plaintiff, in an amount to be determined at the trial of the action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of the action;

(d) For pre-judgment and post judgment interest on the foregoing amounts;

(e) For the costs and disbursements of this action, including attorneys' fees; and

(f) For such other further and different relief as this Court deems just and proper.

Dated: February 20, 2022
       New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

Respectfully submitted,

*/s/ Jacob Aronauer*_____
Jacob Aronauer
225 Broadway, 3rd Floor
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com

Dated: February 20, 2022
       New York, New York

        **THE LAW OFFICES OF JACOB ARONAUER**

        Respectfully submitted,

        */s/ Jacob Aronauer*_____
        Jacob Aronauer
        225 Broadway, 3rd Floor
        New York, NY 10007
        (212) 323-6980
        jaronauer@aronauerlaw.com